UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,                       CIVIL ACTION NO:

    Plaintiff,

v.

G6 HOSPITALITY, LLC, d/b/a MOTEL 6

    Defendant.

## COMPLAINT AND JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), who files its Complaint and Jury Demand. The EEOC respectfully avers as follows:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and pregnancy and to provide appropriate relief to Adrian Johnson ("Ms. Johnson"), who was adversely affected by such practices, and to prevent further occurrence of such practices.

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

**PARTIES**

3.

The EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant, G6 Hospitality, LLC d/b/a Motel 6, has continuously been doing business in the State of Louisiana, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6.

Since at least January 1, 2014, Defendant has engaged in conduct in New Orleans, Louisiana, in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a).

7.

More than thirty (30) days prior to the institution of this lawsuit, Ms. Johnson filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

8.

On January 28, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.

The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.

The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.

On August 13, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

12.

All conditions precedent to the initiation of this lawsuit have been fulfilled.

13.

Ms. Johnson began her employment with Defendant on March 27, 2014, as a Housekeeper.

14.

In December of 2014, Ms. Johnson informed Defendant's management that she was pregnant and that her pregnancy was considered high risk due to complications from high blood pressure. Subsequently, she was reassigned from her Housekeeping position to a front desk Guest Services position.

15.

In January of 2015, Ms. Johnson's supervisor, Markus Bates ("Bates"), who was the Relief General Manager, stated to her: "technically you are not supposed to be working here while you are pregnant."

16.

On March 1, 2015, Ms. Johnson called Bates to inform him that she would be unable to work that day due to pregnancy-related illness.

17.

On March 1, 2015, Bates informed Ms. Johnson that he was modifying the work schedule and would take her off the schedule for the entire week, despite the fact that she only requested one day off.

18.

On March 7, 2015, Ms. Johnson attempted to call Bates to inquire as to when she would be placed back on the schedule.  She also sent him a text message with the same inquiry.

19.

On March 7, 2015, Ms. Johnson received a message from Bates stating that she was being placed on a leave of absence until her pregnancy was over.

20.

The text message referenced in Paragraph 19 stated: "[h]ey I put you on LOA you may return after your pregnancy."  The phrase "LOA" in the text message meant "leave of absence."

21.

Defendant placed Ms. Johnson on leave of absence without pay.

22.

At no time did Ms. Johnson request to be placed on unpaid leave of absence.

23.

Defendant violated Title VII when it placed Ms. Johnson on forced, unpaid leave of absence because of her pregnancy and because of her sex within the meaning of the statute.

24.

The unlawful employment practices complained of herein were, and continue to be, committed with malice or reckless indifference to Ms. Johnson's federally protected rights.

25.

The unlawful employment practices complained of herein were intentional.

26.

The unlawful employment practices complained of herein have caused Adrian Johnson to suffer economic injuries, including lost wages and nonpecuniary losses.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from terminating employees because of their pregnancy and any other employment practice which discriminates on the basis of sex;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all women, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to, annual training of all supervisors and managers concerning pregnancy discrimination laws, and the development of effective policies to prevent pregnancy discrimination;

C. Order Defendant to make whole Ms. Johnson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant to make Ms. Johnson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

E. Order Defendant to make Ms. Johnson whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to: emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined in the course of the proceedings;

F. Order Defendant Employer to pay Ms. Johnson punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G. Grant such further relief, legal or equitable, which the Court deems necessary and proper in the public interest;

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury trial on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Equal Employment Opportunity Commission
Houston District Office
1201 Louisiana Street, 6th Floor
Houston, Texas, 77002
Direct Line: (713) 651-4963
james.sacher@eeoc.gov

**GREGORY T. JUGE**
Supervisory Trial Attorney
La. Bar Roll No. 20890
(504) 676-8239
gregory.juge@eeoc.gov

       /s/ Alexandra Navarre-Davis
**ALEXANDRA NAVARRE-DAVIS, T.A.**
Trial Attorney
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
500 Poydras Street
Suite 809
New Orleans, LA 70130
Direct line: (504) 595-2914
Fax: (504) 595-2886
alexandra.navarre-davis@eeoc.gov


**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**




**REGISTERED AGENT
FOR SERVICE OF PROCESS:**

**CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802**