UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> G6 HOSPITALITY, LLC, d/b/a MOTEL 6 <br><br> Defendant. | CIVIL ACTION NO: <br><br> 2:16-cv-14330 <br><br> SECTION: A <br><br> JUDGE ZAINEY <br><br> MAG. JUDGE NORTH <br><br> <u>JURY DEMAND</u> |

**CONSENT DECREE**

1.  Plaintiff, the United States Equal Employment Opportunity Commission ("Plaintiff," "EEOC" or "Commission") filed this action on August 31, 2016 in the United States District Court for the Eastern District of Louisiana, charging G6 Hospitality LLC d/b/a Motel 6 ("hereinafter referred to as "G6 Hospitality" or "Defendant"), with violations of Title VII of the Civil Rights Act of 1964 by engaging in unlawful employment practices. The EEOC's Complaint alleged that Defendant discriminated against Charging Party, Adrian Johnson (sometimes referred to as "Charging Party" or "Johnson"), by placing her on a forced, unpaid leave of absence because of her pregnancy.

1

2. This suit was brought to provide make whole relief for Charging Party and to obtain appropriate injunctive relief precluding Defendant from taking adverse employment actions against pregnant employees.

3. Defendant denies that it has engaged in any unlawful employment practices with regard to Adrian Johnson;

4. The Commission and G6 Hospitality (the "Parties") have agreed to settle this matter for the relief specified in this Consent Decree ("Consent Decree" or "Decree");

5. The Parties now wish to resolve all claims and controversies encompassed by or which could have been brought in this lawsuit without burden, expense or delay of further litigation;

## JURISDICTION

6. This Court has jurisdiction over the parties and the subject matter of this action.

## FINDINGS

7. The terms of this Consent Decree were reached by a process of negotiation and compromise. The parties agree that the terms of this Consent Decree represent the result of good faith negotiations by both parties.

## SCOPE

8. The negotiation, execution and entry of this Consent Decree resolves any and all claims brought or which could have been brought by the Commission against the Defendant, G6 Hospitality or arising out of EEOC Charge Number 461-2015-00901 and the instant action.

9. Neither the negotiation, the execution, nor the entry of this Consent Decree shall constitute an acknowledgement or admission of any kind by Defendant that its officers, agents or employees have violated or have not complied with Title VII of the Civil Rights Act of 1964.

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** that:

## INDIVIDUAL RELIEF FOR CHARGING PARTY

10. **(a) File Handling:**  Defendant will put in a separate and confidential folder any and all documents related to Adrian Johnson, her Charge Number 461-2015-00901, the charge investigation, and this lawsuit.

    **(b) Job Reference:**  Defendant will provide Adrian Johnson with the same job reference process provided to all former employees and Defendant will not give any negative reference regarding Ms. Johnson's employment.  All job references are handled by a third party.  Any and all job references provided by a third party whose services Defendant utilizes will be conducted in conformity with this Section.

    Defendant will ensure that no information shall be provided which would indicate that Ms. Johnson brought a discrimination charge or claim against G6 Hospitality, that the EEOC filed suit against G6 Hospitality based on the aforesaid charge and/or that G6 Hospitality denied the allegations in Johnson's charge and in the instant EEOC lawsuit.  The Charging Party may obtain a job reference through Defendant's job reference procedure by contacting The Work Number, the third party services utilized by Defendant.  Defendant and/or any job reference services it utilizes shall provide only the following information: job title, date(s) applied for employment, date of termination, and if authorized in writing by Ms. Johnson, the last rate of pay.

11. **Monetary Relief:**  Within ten (10) business days after the entry of this Decree or execution of the Release by the Charging Party, whichever is later, Defendant agrees to pay Charging Party the total sum of fifty thousand dollars ($50,000) ("Settlement Amount") in full and final settlement of all claims

which were or could have been raised in this cause of action, inclusive of costs and attorneys' fees. The parties agree that ten thousand dollars ($10,000) will be subject to applicable withholding for federal payroll and income taxes. For the sum of back pay subject to withholding in this Paragraph, Defendant shall issue an individual Internal Revenue Service ("IRS") Form W-2. For the remaining forty thousand dollars ($40,000) of the Settlement Amount paid pursuant to this Decree, Defendant shall issue an individual IRS Form 1099. Notwithstanding any provision of this Consent Decree, Defendant shall be under no obligation to pay the monetary awards set forth in this Paragraph until and unless the Release is executed by Charging Party and delivered via U.S. Mail or other electronic means to counsel for Defendant.

12. **Distribution of Funds:** Defendant shall send its payment check directly to Adrian Johnson at an address which the Commission will supply to Defendant no later than the date on which this Consent Decree is first submitted to the Court. Defendant shall mail the settlement check via a reputable overnight carrier or certified mail, return receipt requested. Defendant shall also mail a copy of the check to the Commission at the following address: Equal Employment Opportunity Commission, attn: Alexandra Navarre-Davis, 500 Poydras Street, Suite 809, New Orleans, LA 70130.

### INJUNCTION AGAINST SEX DISCRIMINATION

13. Defendant, its directors, officers, agents, employees, successors, assigns and all persons acting in concert with it are hereby enjoined from any present or future violations of Title VII of the Civil Rights Act of 1964 during the period of this Consent Decree:

    (a) placing pregnant employees on a forced leave of absence without pay because of that employee's pregnancy and because of her sex within the meaning of Title VII of the Civil Rights Act of 1964;

(b) terminating employees because of their pregnancy and any other employment practice which discriminates on the basis of sex within the meaning of Title VII of the Civil Rights Act of 1964;

(c) adverse employment actions taken against a woman where pregnancy, child birth, or a related medical condition was a motivating factor in the adverse employment action.; and

(d) any and all discriminatory treatment because of sex, in violation of Title VII of the Civil Rights Act of 1964.

## SEX DISCRIMINATION POLICIES AND PROCEDURES

14. Within thirty (30) days of the effective date of this Consent Decree, Defendant will re-notify, by email, by distribution at the property, or by distribution with paycheck, all employees of the properties located in the State of Louisiana of Defendant's written Equal Employment Opportunity ("EEO") policy addressing any discrimination complaints in all aspects of employment, including but not limited to those on the basis of sex. A copy of this EEO policy, which is attached hereto as Exhibit A, shall be posted on the G6 Hospitality Intranet system and on employee bulletin boards. The availability of this policy will be reiterated during training provided to all management and human resources personnel. Defendant shall certify to the Commission that all employees have been notified of the EEO policy within sixty (60) days after the effective date of this Consent Decree.

## TRAINING PROVISIONS

15. Defendant agrees to conduct training for the duration of this decree as follows:

(a) Defendant will, on an annual basis and for the duration of the decree, conduct a training program for all human resources personnel concerning its obligation to comply with the provisions of this Consent Decree and Title VII of the Civil Rights Act of 1964, and particularly provide training regarding:

(i) Defendant's duties and obligations under Title VII of the Civil Rights Act of 1964;

(ii)  EEOC guidance on Title VII of the Civil Rights Act of 1964 and Defendant's policies and procedures that are designed to prevent discrimination in the workplace.

(iii)  Defendant's policies and procedures that are designed to prevent adverse employment actions against pregnant employees where pregnancy, childbirth or a related condition was a motivating factor in said action.

16.  Further, Defendant will provide specific training to managers and human resource personnel about their duties and responsibilities in adhering to Defendant's EEO Policy discussed above.

17.  The training program for managers and human resource personnel shall be conducted on G6 Hospitality's Intranet system or by other electronic means within six (6) months after entry of this Decree.

18.  The training concerning Defendant's obligations under Title VII of the Civil Rights Act of 1964 shall be conducted by counsel, or provided by reputable third party training provider familiar with Title VII law.

A training agenda and accompanying materials to be distributed and/or presented to trainees will be provided to the EEOC at least thirty (30) days prior to the training.  The EEOC will have the opportunity to comment and negotiate changes to the agenda until two weeks before the training is conducted.  Each training program shall be reported to the Commission's Designated Attorney, as discussed below, in accordance with the reporting requirements of this Decree.  Defendant will notify all G6 Hospitality management and human resources personnel of this required training.

(a).  Defendant will inform all newly hired management or Human Resources employees and all newly promoted management or Human Resources employees to access the applicable training through G6 Hospitality's Intranet system.

(b).  Pursuant to Paragraph 16, Defendant will remind all management or Human Resources employees of their training requirements through G6 Hospitality's Intranet system.

19. The Defendant shall report to the EEOC's Designated Attorney the following information regarding the Defendant's Title VII training program:

(a) the identity and credentials of the trainer(s) of the Title VII course provider;

(b) the date(s) of the completed training by the G6 Hospitality management and human resources personnel;

(c) the name(s) and job title(s) of the G6 Hospitality management and human resource personnel who attended the training;

(d) proof that the G6 Hospitality management and human resources personnel have completed the training;

(e) a list of the topics covered during all such programs, or in lieu of a topics list, a copy of the program outlines, materials or videotapes that were utilized during the training shall be provided to the Commission.

## **RECORDKEEPING PROVISIONS**

20. Upon the EEOC's request, the Defendant shall make all documents or records referred to in Paragraph 19 above, excluding any attorney-client privileged documents or records, available for inspection within thirty (30) business days after EEOC so requests, or a reasonable time period if the volume of the request would make compliance within thirty (30) business days a substantial hardship.

## **REPORTING PROVISIONS**

21. Defendant shall conspicuously post in appropriate places at its properties located in the State of Louisiana the EEO is the Law Poster for the duration of the decree following the effective date of this Consent Decree, which is attached as Exhibit A.

## **DISPUTE RESOLUTION**

22. If the EEOC or G6 Hospitality believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party twenty (20) business days to remedy the alleged non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-complying party has not remedied the alleged non-compliance or otherwise satisfied the complaining party that it has complied within twenty (20) business days, the complaining party may apply to this Court for appropriate relief.  This provision shall not apply to Paragraphs 11 and 12 of this Decree.

## **CONSENT DECREE COMPLIANCE AND ENFORCEMENT**

23. If Defendant G6 Hospitality, LLC, fails to perform its obligations herein and fails to remedy the non-compliance pursuant to Paragraph 22 above, Plaintiff EEOC and Defendant G6 Hospitality are empowered to enforce this Consent Decree through the applicable judicial enforcement procedures.

24. Should any provision of this Decree be declared or be determined by this Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Decree.

25. This Decree sets forth the entire agreement between the Commission and Defendant, G6 Hospitality, as to the captioned lawsuit, and fully supersedes any and all prior agreements or understandings between the Commission and Defendant, G6 Hospitality, pertaining to the subject matter herein.

26. The Commission and the Defendant will bear their own attorney's fees and costs incurred in connection with the investigation and litigation of this case.

## **CONSENT DECREE DURATION**

27. This Decree shall remain in effect for a period of two (2) years from the date of its execution. The two (2) years following the Court's execution and entry of this Decree shall constitute the "Compliance

Period." Aside from any earlier compliance application made by the Commission, it shall have two (2) months from the end of the Compliance Period of this Decree, the "Enforcement Period," to commence enforcement actions relative to any purported violation by Defendant.

28. The Court shall retain jurisdiction of this action for purposes of enforcing this Decree, as appropriate, including but not limited to the duration of the Compliance Period, the Enforcement period, and any period during which any enforcement actions under this Decree are pending and/or continuing regarding any breach that has purportedly occurred before or during the term of this Decree.

**IT IS SO ORDERED.**

7/2/18

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

**APPROVED AS TO FORM AND CONTENT**:


**FOR THE PLAINTIFF:**

        **JAMES L. LEE**
        Deputy General Counsel
        No Bar Roll Number Assigned
        **GWENDOLYN YOUNG REAMS**
        Associate General Counsel
        No Bar Roll Number Assigned

        **RUDY L. SUSTAITA**
        Regional Attorney
        Texas Bar Roll No. 19523560
        Email: rudy.sustaita@eeoc.gov

        **ROSE ADEWALE-MENDES**
        Supervisory Trial Attorney (Acting)
        No Bar Roll Number Assigned
        Email: rose.adewale-mendes@eeoc.gov

```
/s/ Andrew B. Kingsley
```
        **ANDREW B. KINGSLEY**
        **TRIAL ATTORNEY**
        La. Bar Roll No.01286
        500 Poydras Street, Suite 809
        New Orleans, Louisiana 70130
        Direct Line:    (504) 595-2879
        Legal Fax:     (504) 595-2886
        Email: andrew.kingsley@eeoc.gov


        _____
        **ALEXANDRA NAVARRE-DAVIS, T.A.**
        **TRIAL ATTORNEY**
        **U.S. EQUAL EMPLOYMENT**
        **OPPORTUNITY COMMISSION**
        New Orleans Field Office
        Hale Boggs Federal Building
        500 Poydras Street - Suite 809
        New Orleans, Louisiana 70130
        Telephone:    (504) 595-2914

        Facsimile:      (504) 595-2886
        Email:         alexandra.navarre-davis@eeoc.gov
        **COUNSEL FOR PLAINTIFF-EEOC**

**FOR THE DEFENDANT**

**MARK N. MALLERY**
La. Bar Roll No.
Email: mark.mallery@ogletree.com
Telephone: (504) 648-3848
Fax: (504) 648-3859

/s Atoyia Scott Harris
**ATOYIA SCOTT HARRIS**
La. Bar Roll No.
Email: atoyia.harris@ogletree.com
Telephone: (504) 648-2601
Fax: (504) 648-3859

**OGLETREE DEAKINS, PC**
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: (5040 648-3840

**COUNSEL FOR DEFENDANT
G6 HOSPITALITY, LLC**